**Charles W. CARTY, Petitioner,**

v.

**Charles E. FENTON, Warden, U. S. Penitentiary, Lewisburg, Pennsylvania, and Norman Carlson, Director of Prisons, Dept. of Justice, Washington, D.C., Respondents.**

**Civ. No. 77–789.**

United States District Court, M. D. Pennsylvania.

Nov. 21, 1977.

Charles W. Carty, pro se.

Joseph F. Cimini, Asst. U. S. Atty., Lewisburg, for respondents.

## ORDER

MUIR, District Judge.

## THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Charles W. Carty, an inmate at the United States Penitentiary, Lewisburg, Pennsylvania, filed this petition for a Writ of Habeas Corpus seeking his release from prison. Petitioner claims that his mail from state courts and several other allegedly privileged sources is being opened out of his presence. Petitioner stated that he has exhausted his administrative remedies with respect to this claim. In response to this Court's show-cause.order, Respondents filed their answer, to which Petitioner filed a traverse. The matter is thus ripe for disposition.

Petitioner claims that he received mail from Alabama state courts, several United States district courts, and the United States Department of Justice which were opened in the Lewisburg mail room out of his presence. In response to Carty's request for administrative relief, Defendant Fenton, Warden at Lewisburg, replied, "Mail from State Courts is not considered legal mail and is processed the same as regular mail." In response to his appeal from this determination, Carty received the following statement from Clair A. Gripe, Assistant Director, General Counsel and Review:

"Current Bureau of Prisons policy does not require that your mail from State Courts be opened in your presence. There has, therefore, been no violation of current policy in the processing of your State Court mail in the same manner as general correspondence. As was noted by the Regional Director, the Bureau of Prisons is currently considering changes in the correspondence policy that would allow treating State Court mail in the same way as that from Federal Courts. There is no basis for further relief and your appeal, therefore, is denied."

Respondents claim that the Bureau of Prisons mail policy does not interfere with Petitioner's freedom of access to the Courts. In my view, it is high time that some General Counsel for the Bureau or some competent assistant reexamine all current Bureau of Prisons policies with a copy of the United States Constitution in hand. Since Petitioner's present confinement results from federal prosecution, Respondents argue, "mail bearing the return address of an alleged clerk, officer, or Judge of a State Court has, per se, 'no obvious relationship to the inmate's incarceration.' As a result it is permissible to process such mail as regular inmate correspondence." The Respondents' reasoning is absurd. It is quite possible, as is alleged by Petitioner, that a federal prisoner will have state charges or detainers pending against him. Whether or not a prisoner is involved in such pending state actions, the constitutional guarantee of due process of law re-

quires that prisoners be afforded access to the Courts. *Procunier v. Martinez,* 416 U.S. 396, 416, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974). Opening mail from state courts, Justice Department personnel and other prosecuting officials outside the presence of the inmate effectively chills access to the courts or a governmental entity that is intimately related to the administration of justice. No governmental interest in security or otherwise warrants this infringement of Sixth Amendment rights. *Stover v. Carlson,* 413 F.Supp. 718, 722 (1976). This Court will direct the Warden at Lewisburg to include within the category of privileged mail that can be opened only in the presence of Carty any mail to him indicating on its face that the sender is a state court or official thereof, the United States Department of Justice, a state or local prosecutor's offices or official thereof. This directive does not apply to Petitioner's complaints as to opened letters from the Associated Press, since this agency bears no obvious relationship to petitioner's incarceration or his right of free access to the courts.

Respondents argue that even if the Bureau of Prisons policy is found to be violative of Petitioner's constitutional rights, this does not entitle him to the relief he seeks—his release from confinement. While obviously Petitioner is not entitled to release, this is not the sole form of relief he has requested. In his traverse, Petitioner asks that the Court "grant Petitioner the relief he seeks and just slap the hands of the U.S. Penitentiary and Bureau of Prisons." Interpreting the petition liberally, this Court understands Petitioner to request a change in the prison mail policy as well as his release. Title 28 U.S.C. § 2243 permits the Court to dispose of a petition for a writ of habeas corpus "as law and justice require." The Court will, by way of mandamus, see 28 U.S.C. § 1651, order the Respondents to refrain from opening any mail addressed to Carty from a state or local court or from the United States Department of Justice.

Because Carty has not requested relief for others situated similarly to himself, the Court cannot order Respondents to change their policy with respect to other inmates at the Lewisburg Institution. However, the Court has no doubt that this practice would be condemned by the United States Supreme Court as an infringement of the Constitution, see *Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), and this Order in no way implies approval of the opening of such mail addressed to other inmates out of their presence.

On November 3, 1977 Carty filed a motion to depose Warden Fenton and Federal Prisons Industries Procurement Agent Narum. Respondents filed a brief in opposition to that motion on November 18, 1977. Because the Court has granted Carty's request for relief, the motion will be denied.

### NOW, THEREFORE, IT IS ORDERED THAT:

1. Respondents Norman Carlson and Charles E. Fenton shall take all steps reasonably necessary to insure that mail addressed to Charles W. Carty from state or local courts or the United States Department of Justice is not opened outside of his presence by prison officials so long as Charles W. Carty is in the custody of the Attorney General of the United States.

2. Carty's motion to depose Respondent Fenton and Federal Prisons Industries Procurement Agent Narum is denied.